CaRütheRS, J.,
delivered the opinion of the Court.
This was a proceeding by scire facias, to render the defendant liable for $250, the penalty of his bond for the appearance of David M. Lindsey at the Circuit Court of Johnson county at the March Term, 1856, to answer the State on a charge of tippling.
The capias issued from Johnson to the sheriff of Sullivan county. James Gr. Eans was deputized by sheriff Dulaney of Sullivan to execute the writ by an endorsement on the back of the process' in these words
“ I depute James G-. Eans to execute the within. 1st day of December, 1855. Witness my hand and seal.
The writ was executed, and bond for the appearance of Lindsey, with Kizer security, taken on the same day. On the failure of defendant to attend, a forfeiture was regularly entered, upon which this scire facias was issued. Demurrer to the scire facias was sustained, and appeal by the State to this Court.
The defence is rested upon two grounds: 1, a special deputy has no power to take bail of a defendant in a State case, arrested by him; that this can be done only by the sheriff himself or by a general deputy; 2, that the sheriff can only appoint special deputies on “urgent *565 occasionsand that not appearing in the entry of the deputation in this case, renders the appointment void.
It is true that previous to the act of 1845, ch. 22, Nich. Sup., 285, it had been held in various cases, (1 Meigs’s Big., 371,) that the taking of a recognizance for the appearance of a.defendant in a State case was a judicial act, and could not he delegated, hut could only he done hy the sheriff. But that act changed the law, and provided that “ deputy sheriffs shall have the same power to execute all process that sheriffs now have, and to take recognizances from persons arrested upon capias as sheriffs now have power to do.” This, it is insisted, only extends to general deputies. ~We cannot so limit the construction, hut think it embraces special as well as general deputies: all who had a right to arrest defendants could legally admit them to hail.
On the other point we are equally clear that it is not necessary, to make a valid deputation, that it should appear in the endorsement of the sheriff that an “urgent occasion” existed, hut that will he presumed.
The judgment of the Circuit Court upon the demurrer to the scire facias is reversed, and judgment given here for the penalty of the bond.